## A98A1732. MEDINA v. THE STATE.
(505 SE2d 558)

ELDRIDGE, Judge.

A Henry County jury found Jose Aragon Medina guilty of four counts of child molestation for sexual acts he perpetrated upon an eight-year-old girl.[1] Without challenging the sufficiency of the evidence against him, Medina contends that two errors of law require reversal of his conviction. We disagree and affirm.

1. Medina first challenges the admission of the outcry state-

---

[1] Under the same indictment, Medina was also charged with one count of aggravated child molestation for a sexual act allegedly committed against another child; the jury found him not guilty on that count.

ments made by the eight-year-old victim to other persons immediately after the incident occurred. Medina contends that, because of alleged inconsistencies, the outcry statements lacked sufficient indicia of reliability to qualify for admission under the Child/Victim Hearsay Statute, OCGA § 24-3-16. This contention lacks merit.

(a) While the trial court must find that the circumstances of a child/victim's statement provide sufficient indicia of reliability, "such finding is not a *condition precedent* to the admissibility of the statement; rather, this statutory requirement is met if after both parties have rested, the record contains evidence which would support such a finding." (Emphasis in original.) *Gregg v. State,* 201 Ga. App. 238, 239 (3) (a) (411 SE2d 65) (1991).

"Indicia of reliability must spring from the circumstances of the statement. The factors which the court may consider, when applicable, include *but are not limited to* the following: (1) the atmosphere and circumstances under which the statement was made (including the time, the place, and the people present thereat); (2) the spontaneity of the child's statement to the persons present; (3) the child's age; (4) the child's general demeanor; (5) the child's condition (physical or emotional); (6) the presence or absence of threats or promise of benefits; (7) the presence or absence of drugs or alcohol; (8) the child's general credibility; (9) the presence or absence of any coaching by parents or other third parties before or at the time of the child's statement, and the type of coaching and circumstances surrounding the same; and, the nature of the child's statement and type of language used therein; and (10) the consistency between repeated out-of-court statements by the child. These factors are to be applied neither in mechanical nor mathematical fashion, but in that manner best calculated to facilitate determination of the existence or absence of the requisite degree of trustworthiness." (Citations and punctuation omitted; emphasis supplied.) *Gregg v. State,* supra at 240-241.

Here, considering the child's age; the immediacy and spontaneity of the outcry to her mother; the general consistency of her statements to numerous adults trained to work with abused children (police, medical personnel, and a DFACS worker); the lack of time between the incident and the outcry, thereby demonstrating the absence of "coaching"; the child's fear of the defendant; and the physical manifestations of possible abuse consistent with the child's statements, we find that the record establishes a sufficient showing of indicia of reliability within the meaning of OCGA § 24-3-16 so as to support the admission of the challenged outcry testimony. *Wells v. State,* 222 Ga. App. 587, 588 (474 SE2d 764) (1996); *Gibby v. State,* 213 Ga. App. 20, 23 (443 SE2d 852) (1994). Accordingly, any alleged inconsistencies in the victim's outcry statements were a matter for the jury's consideration in weighing the evidence, not a matter of admissibility. See

*Tidwell v. State*, 219 Ga. App. 233, 234 (1) (b) (464 SE2d 834) (1995).

(b) Furthermore, if defense counsel had the opportunity to confront and cross-examine the witness who made the out-of-court statement, the statement was admissible. *Calloway v. State*, 199 Ga. App. 272, 273 (2) (404 SE2d 811) (1991). "Here, the victim took the stand and testified. [Medina] had the opportunity to and did, in fact, cross-examine the witness who made the out-of-court statement. Thus, the statement was properly admitted." *Duck v. State*, 210 Ga. App. 205, 207 (435 SE2d 725) (1993).[2]

2. Although Medina failed to reserve objection to the trial court's jury charge, he contends that the court's charge contains "substantial error" because the jury was instructed that child molestation is committed with the intent to arouse or satisfy the sexual desires "of the person [defendant]," rather than the sexual desires "of either the child or the person [defendant]." OCGA § 16-6-4.

Failure to object to a jury charge in a criminal case constitutes a waiver except where, under OCGA § 5-5-24 (c), there has been a substantial error in the charge which was harmful as a matter of law, regardless of whether objection was made or not. *Maynard v. State*, 171 Ga. App. 605 (320 SE2d 806) (1984); *Barnett v. State*, 178 Ga. App. 685, 686 (1) (344 SE2d 665) (1986); see *Crawford v. State*, 254 Ga. 435, 438-439, n. 4 (330 SE2d 567) (1985). In order to satisfy this standard, appellant must show that "the allegedly erroneous charge was blatantly apparent and prejudicial to the extent that it raises a question whether he has been deprived, to some extent, of a fair trial. [Cits.]" *Maynard v. State*, supra at 606 (2). "[N]othing is presented for consideration on appeal unless . . . a gross miscarriage of justice attributable to [the jury charge] is about to result." (Citations and punctuation omitted.) *Foskey v. State*, 116 Ga. App. 334, 336 (157 SE2d 314) (1967).

Here, we find no substantial error which would require our review under the exception set forth in OCGA § 5-5-24 (c). On its face, the alleged error in the trial court's charge to the jury actually *benefits* Medina: it narrows the scope of the intent necessary to prove child molestation from "the intent to arouse or satisfy the sexual desires of *either* the child/victim *or* the defendant," to "the intent to arouse or satisfy the sexual desires of the *defendant*" only. Further, the trial court's charge neither removes nor lessens the State's burden to prove the requisite intent as an essential element of the crime. Compare *Jackson v. State*, 205 Ga. App. 513, 514 (3) (422 SE2d 673) (1992). Accordingly, Medina's failure to object to the trial court's jury

---

[2] Overruled on other grounds, *Strickland v. State*, 223 Ga. App. 772 (479 SE2d 125) (1996).

16

instructions presents nothing for this Court to review. *Foskey*, supra at 336.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED AUGUST 18, 1998.

*Chapman & Pope, Daniel C. Chapman III*, for appellant.
*Tommy K. Floyd, District Attorney, Gail M. Travillian, Assistant District Attorney*, for appellee.