A02A0577. WILSON v. THE STATE.
(565 SE2d 847)

SMITH, Presiding Judge.

John Wilson, an inmate in the Clayton County Detention Center, was charged with simple battery on two correction officers. A jury found him guilty on both counts. Wilson appeals, and in his sole enumeration of error he contends the trial court erred in giving an improper and incomplete charge on justification. We find no error, and we affirm.

Wilson insisted upon representing himself at trial until the morning of trial, when he asked if he could get a lawyer "right now." The State objected to a continuance, and the trial court sustained the

State's objection, noting that it had gone over with Wilson the benefits of having a lawyer on "at least two other occasions" and that Wilson had "insisted" he wanted to represent himself.

The evidence presented at trial shows that upon returning to his housing unit from the infirmary, Wilson was informed that he would be assigned to a new, unoccupied cell in Section Six of the detention center. Wilson refused, stating he had enemies in that section. He was asked to name these enemies, but Wilson simply pointed in the general direction of Section Six. Wilson then demanded to speak with a sergeant, and the correction officer told him he could speak with a sergeant if he would go to his cell. When Wilson again refused, the correction officer called for backup from another section. When the assisting officer arrived, Wilson continued to refuse to enter his assigned cell, instead walking away toward another section. The two officers then took Wilson's arms to direct him into Section Six, and Wilson spun around and charged at one officer, attempting to take him to the ground, and striking him in the right side, causing bruises. At that point, the assisting officer wrestled Wilson to get him off the first officer, sustaining a torn hamstring in the process. Eventually, the officers succeeded in placing Wilson in handcuffs.

Wilson testified that he did not initiate contact with the officers and that he never touched them, but merely resisted when the officers initiated contact. He denied that the officer told him he could speak with a sergeant if he would enter his assigned cell. He denied becoming violent, charging the officer, or attempting to take him to the ground.

After the close of evidence, the trial court informed Wilson during the charge conference that it would give a jury instruction on justification. After the full jury charge was given, the trial court inquired whether Wilson had any exceptions to the charge, and Wilson objected only because he "was wondering" if the court "could better stress the burden of proof on the District Attorney's side a little better." The court responded that it had given "as good a charge on presumption of innocence as I know exists," and Wilson responded: "Okay." When the court asked if there was anything else, Wilson responded that there was not. The jury returned a verdict of guilty on both counts.

1. It is well established that if a defendant fails to object to a charge when asked if he has any objections, and fails to reserve objections, he has waived appellate review of the charge as given. *Palmer v. State*, 270 Ga. 278, 279 (2) (507 SE2d 755) (1998). The only exception to this rule is set forth in OCGA § 5-5-24 (c): when a substantial error in the charge exists that is harmful as a matter of law, it may be reviewed regardless of whether objection was made. *Medina v. State*, 234 Ga. App. 13, 15 (2) (505 SE2d 558) (1998).

In order to satisfy this standard, appellant must show that the allegedly erroneous charge was blatantly apparent and prejudicial to the extent that it raises a question whether he has been deprived, to some extent, of a fair trial. Nothing is presented for consideration on appeal unless a gross miscarriage of justice attributable to the jury charge is about to result.

(Citations and punctuation omitted.) Id. As in *Medina*, we find no substantial error here that would require review under this exception. In fact, as discussed infra, we find no error at all.

2. Now represented by appointed counsel, Wilson contends that although the trial court gave a charge on justification, as promised, the charge was based only upon OCGA § 16-3-21, which is not adjusted to the evidence. Wilson argues that the charge should have been based upon the defense of coercion set forth in OCGA § 16-3-26. This contention is without merit.

Wilson did not request a charge on OCGA § 16-3-26. It is true, as alleged by Wilson, that a trial court is required to charge the jury on the defendant's sole defense, even without a written request, if some evidence has been presented to support the charge. *Tarvestad v. State*, 261 Ga. 605, 606 (409 SE2d 513) (1991). Here, no such evidence was presented.

OCGA § 16-3-26 defines the defense of coercion: "A person is not guilty of a crime, except murder, if the act upon which the supposed criminal liability is based is performed under such coercion that the person reasonably believes that performing the act is the only way to prevent his imminent death or great bodily injury."

The contours of the defense of coercion are described in *Chambers v. State*, 154 Ga. App. 620, 624 (269 SE2d 42) (1980), which in part shapes it thusly: Coercion involves the involuntary performance of a criminal act under fear of threats or menaces involving a direct danger to life or great bodily injury where the danger is abated only by the performance of the criminal act. The danger must not be one of future violence but of present and immediate violence at the time of the commission of the forbidden act.

(Citations and punctuation omitted.) *Slater v. State*, 185 Ga. App. 889-890 (2) (366 SE2d 240) (1988). Here, as in *Slater*, no evidence was presented of "present and immediate violence" from other inmates, and the defense of coercion was not applicable. The State showed that the assigned cell had no other occupant. The officers testified that had Wilson complied with the officers' order to enter the

cell, he would have been permitted to speak with a sergeant about his concerns. See also *Holder v. State*, 194 Ga. App. 790, 794 (4) (391 SE2d 808) (1990).

3. Finally, the defense of coercion was not Wilson's sole defense. Wilson testified first that he did not commit a battery at all. He also testified that the officers attacked him and that if he acted at all, it was in self-defense. Coercion would actually be the third defense asserted by Wilson. But in fact, Wilson failed to establish the necessary foundation for a defense of coercion. "[T]o establish an evidentiary foundation for an instruction on an affirmative defense, the defendant must admit to the crime charged. [Cit.]" *Turner v. State*, 245 Ga. App. 294, 296 (4) (b) (536 SE2d 814) (2000). Wilson denied committing the crime, saying that he did not charge at the officer or become violent. Since a charge on coercion was not adjusted to the evidence presented, it was not error for the trial court to fail to charge on coercion.

*Judgment affirmed. Eldridge and Ellington, JJ., concur.*

DECIDED MAY 22, 2002.

*James W. Bradley*, for appellant.

*Keith C. Martin, Solicitor-General, Matthew M. McCord, Assistant Solicitor-General*, for appellee.