## A04A0941. HILL v. THE STATE.
(604 SE2d 300)

BARNES, Judge.

Earl Patrick Hill appeals his convictions of forgery in the first degree in violation of OCGA § 16-9-1. He alleges the trial court erred by giving a nonresponsive answer to a question from the jury, by denying his motion for judgment notwithstanding the verdict, and by denying his motion for new trial. Finding no error, we affirm.

The principles applicable to appellate review of a criminal conviction are stated in *Taylor v. State*, 226 Ga. App. 254, 255 (485 SE2d 830) (1997). Viewed in the light most favorable to the verdict, the evidence shows that Hill cashed one third-party check at a convenience store and received $110. Subsequently, the check was returned by the bank, and efforts to contact the maker and endorser were unsuccessful. When Hill attempted to cash a second third-party check drawn on the same account in the amount of $183.50, the clerk recognized him as the person who had passed the first check.

After the clerk told Hill that she recognized him as the person who passed the first bad check, Hill attempted to grab the check from her hand, but failed to do so. Hill then ran from the store, but the clerk followed him and wrote down his license tag number. Later, the clerk and another witness, who was in the store the second time Hill presented a check, identified Hill from a photo lineup prepared by the police. The clerk also identified Hill at trial as the person who presented both checks to her, and the witness identified Hill at trial as the person who gave the clerk the second check.

The former owner of the business imprinted on the checks testified that some checks were stolen from him and that several of the checks were passed at convenience stores in north Georgia. He further testified that the checks were drawn on a bank that closed, that he could not identify the names of the payer or payees on either check, and that he was the only person authorized to sign checks on the account. The defense presented no evidence at trial. Later, the jury found Hill guilty of both counts of forgery.

1. First, Hill alleges that the trial court erred by giving a nonresponsive answer, or no answer, to the following written question received from the jury after they started to deliberate: "Can reasonable doubt arise from a lack of evidence arising from the

defense attorney's lack of providing any defense evidence?" The transcript shows that the following colloquy took place between the trial court and counsel after receiving the question:

> THE COURT: I'm not sure what this question means, really. "Can reasonable doubt arise from a lack of evidence arising from the defense attorney's lack of providing any defense evidence?"
>
> HILL'S COUNSEL: Can we please read that again?
>
> THE COURT: I'm going to just tell them that if they would like a specific charge again, I'll be glad to charge them. They are not to make any assumptions other than — they can draw reasonable inferences from the evidence that has been proven during the trial of the case and that and that alone.
>
> HILL'S COUNSEL: *That's fair enough.*

(Emphasis supplied.)

The trial court then advised the jury:

> Ladies and gentlemen, I have a note from ya'll which says, "Can reasonable doubt arise from a lack of evidence arising from the defense attorney's lack of providing any defense evidence?"
>
> I can give you any specific charge you might request to be recharged. However, I can't comment on this phase of it. You take the evidence that has been produced to you and any reasonable inference that you see fit to draw from it, from the evidence, and make your decision based on that.
>
> Now, if you have more specific charges you would like to rehear, or any portion of it, I'll be glad to give it to you again, but I charged you what the law is and I've charged you about the Defendant's rights and what a reasonable doubt meant and all of those things.
>
> If you have any questions about it, from the standpoint — if you're wanting a recharge, I'll be glad to recharge you, but you must make your decision based on the evidence that has been produced during the trial of the case and any reasonable inference you see fit to draw from that evidence.
>
> All right. If you have any further questions, write it out and I'll let you come back.

The jury then left the courtroom and the following discussion took place:

> THE COURT: Is there any objection to the recharge? It wasn't a recharge, but the answer the Court gave on this from the State?
> THE STATE: No, sir.
> THE COURT: From the defense?
> HILL'S COUNSEL: No, Your honor.
> THE COURT: All right. Okay.

As Hill agreed to the answer the trial court gave, he cannot complain of a result he aided in causing, *Locke v. Vonalt*, 189 Ga. App. 783, 787 (5) (377 SE2d 696) (1989); further, induced error is not an appropriate basis for claiming prejudice. *Hood v. State*, 216 Ga. App. 106, 108 (2) (453 SE2d 128) (1995). Additionally, because Hill did not object to the response when asked by the trial court for any objections, he waived appellate review of the response given. *Wilson v. State*, 255 Ga. App. 497, 498 (1) (565 SE2d 847) (2002).

The only exception to the waiver rule is when a trial court commits a substantial error in the charge that is harmful as a matter of law. OCGA § 5-5-24 (c); *Medina v. State*, 234 Ga. App. 13, 15 (2) (505 SE2d 558) (1998). To satisfy the OCGA § 5-5-24 (c) standard, however, Hill must show that the allegedly erroneous charge was blatantly apparent and prejudicial to the extent that it raises a question whether he was deprived, to some extent, of a fair trial. No issue is presented for appellate consideration unless a gross miscarriage of justice attributable to the jury charge is about to result. *Brown v. State*, 268 Ga. App. 629 (602 SE2d 158) (2004); *Wilson v. State*, supra, 255 Ga. App. at 499.

The jury asked a confusing question, apparently whether they could find a reasonable doubt based on their speculation about the defense's failure to produce evidence, and the trial court informed them that they must decide the case based upon the evidence and reasonable inferences arising from the evidence. Accordingly, even if we were to reach this issue, we would find no charging error in this case.

2. Hill also contends the trial court erred by denying his motion for judgment notwithstanding the verdict because substantial issues of reasonable doubt existed. "There being no provision of law for the court to entertain a motion for a judgment of not guilty notwithstanding a verdict of guilty, this [enumeration of error] is without merit." *Wilson v. State*, 215 Ga. 775-776 (1) (113 SE2d 607) (1960). Nevertheless, we will address the substance of this enumeration of error when we consider the denial of Hill's motion for a new trial.

462

3. Lastly, Hill contends the trial court erred by denying his motion for new trial because the verdict was based on a misleading response to the jury's question and the State failed to prove his guilt beyond a reasonable doubt. The standard established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), is the appropriate test to use when a conviction is challenged based on the denial of a motion for new trial because of the alleged insufficiency of the evidence. *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984).

We find no error. The only evidence before the jury was that Hill passed one check that the owner of the account stated was not valid and attempted to pass another forged check. Thus, having reviewed the evidence in the light most favorable to the jury's decision, we conclude that a rational trier of fact could have found Hill guilty of both counts of forgery beyond a reasonable doubt. *Jackson v. Virginia*, supra, 443 U. S. 307.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 3, 2004.

*Flint & Connolly, Gregory T. Douds*, for appellant.
*Garry T. Moss, District Attorney, Lawton W. Scott, Assistant District Attorney*, for appellee.