## A08A0957. WALLACE v. THE STATE.
(669 SE2d 400)

BARNES, Chief Judge.

A jury convicted Michael Wallace of rape, aggravated assault, and kidnapping with bodily injury, and he was sentenced as a recidivist to multiple consecutive life sentences. Wallace argues on appeal that his trial counsel was ineffective and the trial court erred in denying his motion to be present at the hearing on his motion for new trial; in curtailing his witness examinations during the motion hearing; and in sustaining the State's objection to his psychiatrist's affidavit. For the reasons that follow, we affirm the trial court.

1. We view the evidence on appeal in the light most favorable to the verdict, and no longer presume the defendant is innocent. We do not weigh the evidence or decide the witnesses' credibility, but only determine if the evidence is sufficient to sustain the convictions. *Campbell v. State*, 278 Ga. 839, 840 (1) (607 SE2d 565) (2005). We construe the evidence and all reasonable inferences from the evidence most strongly in favor of the jury's verdict. Id.

Viewed in that light, the evidence at trial established that the victim was a nurse at the county jail where Wallace was incarcerated. Due to staffing shortages, the nurse habitually escorted prisoners to and from her examination room by herself. After someone stole cash from the nurse's purse, Wallace told her he knew who did it, and the nurse questioned him twice with others present or listening. The day before the incident, Wallace completed a form requesting medical care and said he had further information about the stolen money, but needed to speak with the nurse alone because a jail employee was involved.

The next day, the nurse escorted Wallace from his cell to her examination room and he told her he needed to look at pictures of

---

new inmates to identify the thief. When the nurse went to her office next to the examination room to start her computer, Wallace followed. He held a knife to her face, forced her head into the kneehole beneath her desk, pulled down her pants, and raped her while digging his fingernails into her hips. An employee attempted to contact the nurse by radio regarding another inmate's medical crisis, so Wallace dragged her from under the desk and forced her to return to the examination room with him and respond to the call.

The inmate who was ill was placed in the adjacent medical holding room. The nurse went to the holding room but did not cry out immediately. She returned to the examination room but because she did not know if Wallace still had the knife, she silently motioned for the other employees to step into the office and followed them. With Wallace alone in the examination room, the victim made an outcry. The victim went to the emergency room, where a physician observed crescent-shaped wounds on the victim's hips from Wallace's fingernails, and obtained fluid from her that contained motile sperm. A sample collected from the victim contained Wallace's DNA. A GBI investigator found a homemade knife hidden in the victim's office with fingerprints on it that an expert identified as Wallace's.

We conclude that the evidence as outlined above was sufficient for a rational trier of fact to find Wallace guilty beyond a reasonable doubt of the offenses charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Wallace argues that the trial court erred in refusing to allow him to attend his motion hearing to testify and assist his counsel in presenting his claim for ineffective assistance. He waived this claim, however, because he failed to file his amended motion for new trial claiming ineffective assistance until the day of the hearing.

Wallace's trial counsel filed a motion for new trial on the general grounds within 30 days of the verdict. The motions hearing was originally scheduled for October 24, 2007, but on November 5, 2007, the court reset it to November 26, 2007. On November 15, 2007, Wallace's new counsel moved to have Wallace present at the hearing to assist her. The trial court orally denied the motion.

At the hearing, Wallace's new counsel filed an amended motion for new trial claiming ineffective assistance of trial counsel for the first time, along with a "motion to clarify the court's action" on Wallace's request to be present at the hearing. The trial court explained that it denied Wallace's initial motion to be present at the hearing because Wallace had raised only the general grounds at that time, and his presence was not necessary to determine whether the State had presented sufficient evidence to convict him. The trial court further found his motion to be present untimely "under the Department of Corrections' rules" because he did not file his

amended motion raising grounds requiring his presence until the day of the hearing.

While a defendant's constitutional right to confrontation does not generally extend to post-verdict procedures such as a motion for new trial, *Backey v. State*, 234 Ga. App. 265, 267 (4) (506 SE2d 435) (1998), he has a "broader due process right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." (Punctuation omitted.) *United States v. Boyd*, 131 F3d 951, 954 (11th Cir. 1997). In this case, Wallace's presence at the hearing was not necessary to consider his initial motion for new trial on the general grounds, and therefore the trial court did not err in denying his initial motion to be present filed 11 days before the hearing. Pretermitting whether Wallace's presence during the ineffective assistance hearing would have contributed to the fairness of the proceeding, his failure to file the amended motion until the hearing date made it impossible for the court to obtain his presence. Wallace did not seek a continuance. He cannot complain of a result he caused, and induced error cannot form the basis of a due process claim. *Hill v. State*, 269 Ga. App. 459, 461 (1) (604 SE2d 300) (2004). Wallace thus waived any due process claim he might have had regarding his absence from the hearing on his ineffective assistance claim.

3. Wallace claims the trial court erred in curtailing his cross-examination at the motion hearing of two employees at the jail where the rape occurred, testimony he asserts would establish the existence of "evidence his trial counsel failed to investigate and present at trial." Wallace's defense was going to be that he had a relationship with the nurse and that the sexual intercourse was consensual. In his opening statement, trial counsel outlined the defense, but after the State rested Wallace decided not to testify, leaving counsel with nothing to argue on that point during closing. Wallace now contends that his trial counsel should have called two of the jailers as witnesses to establish discrepancies in the nurse's story.

The burden is on the defendant claiming ineffectiveness of counsel to establish that his attorney's representation in specific respects fell below an objective standard of reasonableness, and that "a reasonable probability [exists] that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U. S. 668, 695-696 (104 SC 2052, 80 LE2d 674) (1984). The "reviewing court need not address both components if the defendant makes an insufficient showing on one, nor must the components be addressed in any particular order." (Punctuation omitted.) *Nelson v. State*, 255 Ga. App. 315, 322-323 (10) (565 SE2d 551) (2002).

To show his counsel was ineffective for failing to investigate and call these witnesses, Wallace must show what the witnesses would have said. "Absent a proffer of the necessary evidence to support these claims, [the defendant's] claim of ineffective assistance of trial counsel fails." *Spear v. State*, 271 Ga. App. 845, 847 (2) (610 SE2d 642) (2005). In this case, however, Wallace did proffer the evidence, describing in detail the witnesses' expected testimony.

> An offer of proof is a means by which counsel, after the trial court sustains an objection to a question or a line of testimony, can preserve the matter for appellate review by placing the rejected testimony or a summary of it into the record. . . . Counsel's statement in place regarding the rejected testimony thus promotes judicial economy by allowing an abbreviated version of excluded testimony from a willing-to-testify witness to be placed on the record for appellate review rather than utilizing court resources involved in calling and questioning that witness outside the jury's presence regarding the excluded testimony.

(Citation omitted.) *Dickens v. State*, 280 Ga. 320, 323 (2), n. 3 (627 SE2d 587) (2006). Because the witnesses were present at the motions hearing, Wallace's proffer was proper. Accordingly, although the trial court cut short Wallace's questioning, it could consider Wallace's ineffective assistance claim in light of the testimony the witnesses would have given. Reviewing the proffered testimony, we conclude that the trial court did not err in finding that Wallace's trial counsel was not ineffective.

As Wallace's only enumerated error is that he was unable to present the evidence at his motions hearing, and not that the absent evidence established that his counsel was ineffective, this enumeration of error must fail.

4. Wallace contends that the trial court erred in sustaining the State's objection to his proffered affidavit from a psychiatrist who treated Wallace in prison. Wallace offered the affidavit to show that he had been diagnosed with psychosis and was taking psychotropic medication when his rape trial took place, conditions that his trial counsel failed to investigate. The trial court excluded the affidavit from consideration, sustaining the State's hearsay objection.

Trial courts on motion for new trial have the discretion to hear affidavits or oral testimony. *Castell v. State*, 250 Ga. 776, 792 (11) (301 SE2d 234) (1983). The court may consider as substantive evidence a properly executed affidavit made on personal knowledge setting forth facts that would be admissible in evidence. *Dickens v. State*, supra, 280 Ga. at 322 (2), n. 2. The affidavit in this case met all

of those requirements. The State points out that, while the trial court is *permitted* to consider such an affidavit, it is not *required* to do so. The problem with that argument is that the trial court clearly did not use its discretion in excluding the affidavit, but instead held that it was inadmissible hearsay. The trial court's discretion in this matter " 'should be justly used so as not to entrap or work a hardship upon either party. Justice is the object to be obtained, and it should be reached by just means.' " *Castell v. State*, supra. Accordingly, the trial court erred in failing to exercise its discretion and in sustaining the State's objection to the psychiatrist's affidavit.

The error is harmless, however, considering the contents of the affidavit in the context of Wallace's ineffective assistance claim. He contends that his trial counsel should have investigated Wallace's mental health at the time of the rape and of the trial. The psychiatrist attests in his affidavit that he provided "limited services" to Wallace, who was transferred to the prison with a diagnosis of psychosis and a history of head injury and attempted suicide. The doctor reviewed Wallace's records, met with him twice in December 2005, and monitored his psychotropic medications. Wallace chiefly complained of hearing voices and was not compliant in taking his medications. Wallace's trial counsel never contacted the doctor, who never saw Wallace after he went to trial on this charge.

Nothing in this affidavit establishes that trial counsel should or could have known that Wallace had a mental health issue that should have been investigated. The doctor reports no observations of Wallace's affect or conduct that might put someone on notice that he had a problem; instead the affidavit includes only diagnoses, history, and Wallace's complaint that he heard voices. Wallace's trial counsel testified at the hearing that he did not know Wallace had a history of psychiatric difficulties and discerned no problem with him during his interactions. Further, the trial court itself noted that nothing in Wallace's criminal file on the rape charge indicated any mental health issues. The only evidence in Wallace's other criminal file, on the charges for which he was initially incarcerated, was a motion for a mental health examination, which previous counsel withdrew after obtaining a favorable plea. The trial court had seen and interacted with Wallace and had not seen anything to suggest that Wallace "did not understand fully all his rights and that he was fully engaged in the defense of his case with his defense counsel."

Given the unremarkable nature of the new witness' [affidavit] testimony and the testimony actually presented at trial, we also conclude that [Wallace] has not shown sufficient prejudice regarding this individual claim to war-

rant the success of his overall claim of ineffective assistance of counsel.

*Schofield v. Cook*, 284 Ga. 240, 251 (II) (D) (663 SE2d 221) (2008). *Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED OCTOBER 21, 2008.

*Jimmonique R. S. Rodgers*, for appellant.
*Denise D. Fachini, District Attorney*, for appellee.