## A10A1641. MACHIAVELLO v. THE STATE.
(709 SE2d 28)

BARNES, Presiding Judge.

A jury convicted Louis Machiavello of aggravated child molestation and two counts of child molestation, sexual battery, and cruelty to a child, and he appeals. He asserts that his trial counsel was ineffective for failing to obtain a severance, for not calling certain witnesses, and for the manner of his cross-examination. He also argues that the trial court erred in denying his motion to sever. For the reasons that follow, we affirm the convictions.

1. As a threshold matter, Machiavello's brief does not comply with the rules of the Court of Appeals. Most importantly, Rule 25 (c) (1) requires that the sequence of arguments follow the order of the enumeration of errors and be numbered accordingly. Machiavello enumerates seven errors, each of which includes multiple issues, then argues enumerations one, two, three, and seven together. The arguments do not follow the order of the enumerations, and are difficult to address in an orderly manner. As we have previously held, "Rule [(25)] (c) (1) is more than a mere formality. It is a requirement which this Court imposes to ensure that all enumerations of error are addressed and to facilitate review of each enumeration." (Citation omitted.) *McCombs v. State*, 306 Ga. App. 64 (1) (701 SE2d 496) (2010). To the extent that we are able, however, we will address Machiavello's enumerations and arguments.

2. Machiavello argues that the trial court erred in denying his motion to sever because the offenses related to one victim would not have been admissible during trial on offenses related to the other victim, and because the trial court failed to assess whether severance of the offenses would promote a fair determination of guilt or innocence as to each offense. He was indicted on seven counts, two involving one victim in February or March 1999, and five involving another victim between October 2001 and February 2002. Machiavello moved to sever trial on Counts 1 and 2, arguing these charges were unrelated to Counts 3 through 7; that they differed from the charges related to the other victim; that due to the complexity of evidence and number of offenses it was probable the jury would be unable to distinguish the evidence and apply the law intelligently to each offense; and that trying them together would serve no purpose other than to impugn his character.

When two or more crimes of the same general nature are committed against different persons, at different times and places, and are charged in separate counts of an indictment, severance is mandatory upon the defendant's motion if the crimes are joined *solely* because they are of the same or similar character. *Dingler v. State*, 233 Ga. 462 (211 SE2d 752) (1975). If the offenses are not joined solely because they are of the same or similar character, and evidence of one charged offense would be admissible as a similar transaction during trial on another charged offense, the trial court is vested with discretion in deciding whether to grant a motion to sever. *Stewart v. State*, 277 Ga. 138, 140 (587 SE2d 602) (2003). In making this decision, the court must consider the number of offenses charged, the complexity of the charges, and the complexity of the evidence and determine whether the jury will be able to fairly and intelligently "parse the evidence and apply the law with regard to each charge." Id. at 139.

During a hearing on the motion to sever, trial counsel argued that although both incidents involved allegations of child molestation, they involved "totally unrelated individuals" and a "totally unrelated set of facts." Initially, the State did not prosecute the 1999 case. Machiavello was never arrested, and after some investigation the file was closed. The State did not arrest Machiavello for the 1999 incident until after it began investigating the second incident, and counsel argued that making Machiavello

> go forward on trial on both cases at the same time would be highly prejudicial and would complicate the matter because we've got two different sets of facts. We've got two different sets of individuals. We've got different times, different dates. And I believe it would tend to confuse the jury, and I would rather we go to trial on one case at a time.

Counsel also argued that if the State filed a motion to present the first incident as a similar transaction during trial on the second incident, "then we would be handling and dealing with that issue," which he preferred.

The State responded that trying the offenses together would not confuse the jury and would not be so prejudicial as to require severance. Further, evidence of one incident would be admissible during trial on the other, because the cases showed a common pattern of conduct and were "extremely similar in nature. The Defendant was involved in a romantic relationship with the victims' mothers. He was responsible for watching these children when the abuse took place while their mothers were at work. . . . He showed favoritism to each of the individual girls by giving them items of

value." The first victim and her mother had lived with Machiavello then moved to their own house, where the abuse occurred. The second victim, her mother, and her brother were living with Machiavello when he committed the offenses. The female victims, who were ten and twelve, were also close in age.

The trial court noted that if it did sever the case, proof of one offense would be admissible during trial on the other. The allegations portrayed a series of criminal acts closely connected by geography, involving similar victims who had both lived with Machiavello. The court held that the cases did not appear to be joined solely because they were similar, and questioned what severance would gain "in terms of intelligibility." It held that the offenses "may be . . . an uninterrupted course of conduct . . . not just a similar transaction[, with n]o intervening closure that makes it a separate course of conduct other than it's just different people." The trial court denied the motion to sever but urged the parties to do more research on the issue and granted them leave to raise the issue again if either party found persuasive authority to the contrary. While the court thought the issue was close, it also held that "clearly . . . if I were to sever these, the evidence of one set of cases would be admissible in the trial of the other."

When "in the sound discretion of the trial court, the number of offenses charged and the complexity of the evidence do not reasonably impinge upon a fair determination of the defendant's guilt or innocence as to each offense charged, a severance need not be granted." *Chaparro v. State*, 279 Ga. App. 145, 147 (3) (630 SE2d 645) (2006) (affirming denial of motion to sever molestation charges related to one victim from trial on charges related to another victim). As the State observed,

[w]hen the facts brought out at trial are considered as a whole, . . . not only were the two victims' stories strikingly similar, but the manner in which Machiavello gained access to his second victim appears to have been a blatant attempt to recreate, through artifice and deceit, the very circumstances that allowed him access to his first victim.

Under the circumstances of this case, the trial court did not abuse its discretion in denying the requested severance. See *Rollinson v. State*, 276 Ga. App. 375, 380 (2) (623 SE2d 211) (2005).

3. Machiavello argues throughout the section of his brief related to severance that his trial counsel was ineffective for failing to submit a brief to support the motion to sever, by being unprepared during argument on the motion, and by failing to pursue the severance issue or raise a similar transactions objection, despite the

trial court's invitation to do so. Whether trial counsel was ineffective is a two-part test, considering first whether counsel performed reasonably under prevailing professional norms, and second, whether counsel's deficient performance prejudiced the defense. *Wadley v. State*, 258 Ga. 465, 466-467 (3), (4) (369 SE2d 734) (1988). The defendant establishes prejudice by showing that, but for counsel's inadequate performance, there is a reasonable probability the result would have been different, and if the defendant suffers no prejudice, it does not matter whether counsel's performance was adequate. Id. Thus, we need not address both components if the defendant makes an insufficient showing on one. *Nelson v. State*, 255 Ga. App. 315, 322-323 (10) (565 SE2d 551) (2002).

> There is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance, and . . . [a] trial court's determination that a defendant has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous.

(Punctuation and footnotes omitted.) *Collier v. State*, 266 Ga. App. 345, 351 (2) (596 SE2d 795) (2004).

During the new trial motion in this case, the trial court reviewed in depth the reasoning behind its denial of the motion to sever and its comments regarding the similar transaction and joinder issues. It noted that it would be logical to consider similar transaction issues when deciding whether it was just or proper to allow the evidence of both victims in one case, but that the real issue was whether doing so would be "unduly prejudicial." The crimes here were "sufficiently similar under any construction of sex crimes that proof of one would have established the proof of the other in the elements not only of intent but identity," both of which were issues in the case. The court noted that the fact that the new case resulted in the opening of a closed case was not meaningful because the case was revived by additional evidence, which here was "evidence of lustful disposition, evidence of intent, evidence of motive, evidence of common plan or scheme . . . to deal with people of similar age." The court also noted that these were sex crimes, in which greater latitude of admissibility is allowed. Further, the offenses were not joined solely because they were sex crimes, but because proof of one helped establish the elements necessary to prove the other. The court determined that trying the offenses together was not confusing, because there were only two victims. Finally, the trial court found that in retrospect it would not have done anything differently even if it had held a hearing on whether the incidents were similar transactions.

Thus, if trial counsel had pursued the motion to sever and obtained a similar transaction hearing, the trial court still would have denied the motion. Trial counsel will not be found ineffective for failing to take action that would not have made any difference. *Johnson v. State*, 159 Ga. App. 333 (2) (283 SE2d 375) (1981) ("[F]ailure to make a useless and incorrect objection was not ineffective assistance of counsel."). The trial court did not err in concluding that trial counsel was not ineffective in this regard.

4. Machiavello contends his trial counsel was ineffective in failing to present expert medical testimony and failing to interview the State's medical witnesses before trial, who testified that one of the victim's normal physical examinations was not inconsistent with sexual molestation or penetration. Trial counsel testified that the medical reports indicated that the victim had no evidence of physical injury, which counsel thought was helpful to the case, and he focused on that finding in his cross-examination. Further, counsel contacted an expert to review the children's interviews, and she told them she thought they had been properly conducted and that if called to testify she would "hurt" them. His strategy, in consultation with Machiavello, was to "harp on the fact that there is no injury," and they did not think they needed expert witnesses to make that point. While a proposed expert medical witness testified at the new trial hearing, the trial court noted that it had not "heard of a single thing that [the expert] could have testified in this case" that would have helped the defense and concluded that trial counsel chose not to pursue that kind of evidence for valid reasons. Machiavello is correct that not every decision labeled "tactical" is per se beyond reproach, but in this case the decision not to hire an expert or interview the State's medical witnesses before trial was clearly a tactical and strategic decision that cannot form the basis for an ineffective assistance claim.

5. Machiavello contends his trial counsel was ineffective for failing to call certain witnesses, but he did not call them to testify during the new trial motion hearing and has presented no evidence that these witnesses would have been helpful to the defense or that their testimony would have been admissible. Finally, Machiavello contends his trial counsel was ineffective in his cross-examination of the victims, one of the detectives, and the mother of one of the victim's friends. We have reviewed these enumerations, and find them to be without merit.

*Judgment affirmed. Blackwell and Dillard, JJ., concur.*

DECIDED MARCH 25, 2011 — ▮▮▮▮▮▮▮

*Burns, Speights & Grisham, J. Daran Burns, Scott P. Archer*, for appellant.

*Garry T. Moss, District Attorney, Cliff Head, Lara A. Snow, Assistant District Attorneys*, for appellee.