**FIFTH DIVISION**
**PHIPPS, P. J.,**
**DILLARD and PETERSON, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

April 20, 2016

# In the Court of Appeals of Georgia

A16A0446. SUTTON v. THE STATE.                          PE-015C

PETERSON, Judge.

Steve Sutton, convicted of six counts of child molestation and one count of aggravated child molestation, appeals from the denial of his motion for a new trial. He argues that the trial court erred by (1) excluding one of the victim's statements that she was molested by someone other than him, and (2) denying his motion to sever the molestation counts pertaining to one victim from those pertaining to the other. Because the victim's statement was merely evidence of the victim's momentary confusion, and because severance was unnecessary given that the molestation allegations of each victim would have been admissible evidence in the other victim's case, we affirm.

Following a criminal conviction, we view the evidence in the light most favorable to the jury's verdict, and no longer presume the defendant is innocent. *Wallace v. State*, 294 Ga. App. 159, 159 (1) (669 SE2d 400) (2008). So viewed, the evidence shows that Sutton was the grandfather of the two victims, A. J. and C. S. Sutton repeatedly touched C. S.'s genitals on numerous occasions when she was approximately ten or eleven years old. Sutton also made C. S. touch him, and on one occasion, removed her bathing suit bottom and touched her genitals with his tongue. Several years later, when A. J. was four years old, Sutton placed some sort of substance A. J. called "glue" on her genitals and touched her.

Prior to the trial, the State filed a motion in limine to exclude the past sexual history of A. J. Specifically, the State sought to exclude evidence of a prior sexual incident between A. J. and another young child under the Rape Shield Statute. Sutton argued that the evidence should be admitted to demonstrate the child's knowledge of sexual acts independent of the actions for which Sutton was indicted. The trial court examined the parties' arguments carefully and in detail before granting the State's motion, with the caveat that the State could not open the door by claiming that A. J. had sexual knowledge that could have originated only from Sutton's conduct.

2

On the day of trial, Sutton indicated that he intended to play A. J.'s recorded interview in which she initially identifies another child as having put the glue on her. In the recorded interview, A. J. first discussed an incident in which the other young child had touched her. When asked about the incident at issue in this case immediately thereafter, A. J. said that the same young child had placed glue on her genitals, but then immediately corrected herself to identify Sutton. The State argued that this portion of the interview should be excluded under the trial court's previous ruling as prior sexual history. After much debate between the parties and careful consideration by the trial court as to whether the statement merely constituted a prior inconsistent statement, the trial court expanded its prior ruling to exclude the portion of A. J.'s interview in which she refers to the other young child.

1. Sutton argues that the trial court erred by excluding A. J's statements from the recording of the interview played for the jury. Specifically, Sutton contends that former OCGA § 24-2-3 did not require exclusion of A. J.'s statements as unrelated sexual history, because her statement would be used to impeach her.[1] We disagree.

---

[1] To the extent Sutton challenges the constitutionality of former OCGA § 24-2-3 as applied, that argument is not preserved for appeal. The trial court did not specifically address or rule on the question. *See State v. Swartz*, 277 Ga. App. 241, 241-42 (626 SE2d 210) (2006).

We review a trial court's decision to admit or exclude evidence for abuse of discretion. *Gautreaux v. State*, 314 Ga. App. 103, 106 (2) (722 SE2d 915) (2012). Former OCGA § 24-2-3[2] provides that generally in prosecutions for aggravated child molestation "evidence relating to the past sexual behavior of the complaining witness shall not be admissible, either as direct evidence or on cross-examination of the complaining witness or other witnesses[.]" The general rule is that evidence of prior unrelated molestation is barred, and "is not admissible simply to show the victim was confused." *Blackwell v. State*, 229 Ga. App. 452, 454 (2) (494 SE2d 269) (1997). But such evidence may be admissible to show other possible causes for behavioral symptoms typically associated with child sexual abuse accommodation syndrome[3] or to explain certain medical testimony introduced at trial. *Tidwell v. State*, 219 Ga. App. 233, 237-38 (5) (464 SE2d 834) (1995). "Such evidence may also be admissible to

[2] Because the trial in this case occurred in 2009, prior to the January 1, 2013 effective date of our new evidence code, OCGA § 24-2-3 (the predecessor to OCGA § 24-4-412) applies. *See* Ga. L. 2011, p. 99, § 101.

[3] Child sexual abuse accommodation syndrome reflects a variety of behavioral stages displayed by children who have been sexually assaulted. For a more detailed description of this condition, *see, e.g.*, *Allison v. State*, 256 Ga. 851, 852 (2) (353 SE2d 805) (1987).

show the victim's lack of credibility where the victim has made prior false allegations of child molestation." *Berry v. State*, 235 Ga. App. 35, 37 (2) (508 SE2d 435) (1998).

Here, none of the exceptions to the general rule of inadmissibility applies. There was no expert testimony concerning child abuse accommodation syndrome, nor was any medical evidence admitted. Sutton was also unable to show that A. J.'s statements regarding the other child were false. Finally, close review of the testimony at issue reveals that A. J., who moments earlier had been discussing activity with the other young child, merely misspoke and initially said the wrong name,[4] but then corrected herself to identify Sutton as the offender, and was consistent in that testimony throughout the remainder of the interview, although she referred to Sutton as both "Poppa Johnson" and "Poppa Sutton." As a result, we cannot say that the trial

---

[4] Even if we were to pluck A. J.'s misstatement — which she immediately corrected — from its context in the discussion of the unrelated molestation that had taken place moments earlier, and consider it instead in isolation, any error in excluding the misstatement was harmless. *See Mobley v. State*, 265 Ga. 292, 294 (4) (455 SE2d 61) (1995) ("it is an old and sound rule that error to be reversible must be harmful"). A. J. was consistent in her interview that Sutton molested her, and her fleeting misstatement that she immediately corrected cannot be fairly equated with her having identified some other person as the offender.

court abused its discretion in excluding A. J.'s testimony pertaining to the other young child.[5]

2. Sutton next argues that the trial court erred by refusing to sever the allegations pertaining to each victim into separate trials because (1) the allegations pertaining to each victim were too remote in time and were too different to have been combined into a single trial, and (2) the incidents pertaining to C.S. would not have been admissible as similar transaction evidence in the trial pertaining to A. J. Sutton also argues that he was prejudiced by the failure to sever the charges pertaining to each victim because the combination of charges into a single trial made his conviction more likely. Again, we disagree.

We review the trial court's decision to grant or deny a severance for abuse of discretion. *Gilbert v. State*, 163 Ga. App. 688, 690 (3) (295 SE2d 173) (1982). Severance is mandatory "[w]hen two or more crimes of the same general nature are committed against different persons, at different times and places, and are charged in separate counts of an indictment . . . if the crimes are joined *solely* because they are of the same or similar character." *Machiavello v. State*, 308 Ga. App. 772, 773 (2)

---

[5] The dicta Sutton relies on in *Wagner v. State*, 253 Ga. App. 874 (560 SE2d 754) (2002) does not change our analysis here.

6

(709 SE2d 28) (2011) (emphasis in original). But "[i]f the offenses are not joined solely because they are of the same or similar character, and evidence of one charged offense would be admissible as a similar transaction during trial on another charged offense, the trial court is vested with discretion in deciding whether to grant a motion to sever." *Id.* Severance does not have to be granted when, in the trial court's discretion, the complexity of the evidence and number of offenses charged do not impinge "upon a fair determination of the defendant's guilt or innocence as to each offense charged" *Id.* at 774 (2) (citation and punctuation omitted).

Here, although the charged offenses occurred on different dates and involved different victims, they showed Sutton's "common motive, lustful disposition, and bent of mind to satisfy his sexual desires." *Stepho v. State*, 312 Ga. App. 495, 500 (3) (718 SE2d 852) (2011). *See also Wright v. State*, 259 Ga. App. 74, 77-78 (3) (b) (576 SE2d 64) (2003) (permitting charge of sexual battery against adult daughter to be included along with charges of child molestation involving grandson, as alleged battery showed defendant's "bent of mind and pattern of conduct against members of his family").[6] Notably, Sutton "gained access to his second victim . . . through his

---

[6] These cases were decided under the prior evidence code in which bent of mind was a ground upon which similar transaction evidence could be admitted.

familial relationship" because both victims were his granddaughters. *Stepho*, 312 Ga. App. at 500 (3). Despite the passage of time and other minor differences between the two offenses, the trial court could find that the circumstances related to Sutton's molestation of each victim would have been admissible as similar transaction evidence had there been separate trials for each. *Id.* (citing *Collins v. State*, 310 Ga. App. 613, 617 (2) (714 SE2d 249) (2011) ("The mere difference in the victims' ages, sex, and specific acts of molestation did not render the similar transaction inadmissible.")). "Where the evidence of one crime would be admissible in the trial of the other crime, it cannot be said that the trial court abused its discretion in denying appellant's motion for severance." *Id.* (citation omitted).

Finally, "this case was not so complex as to impair the jury's ability to distinguish the evidence and apply the law intelligently as to each offense." *Id.* (citation omitted). Indeed, the jury found Sutton not guilty of aggravated sexual battery with respect to A. J. Consequently, we conclude that the trial court did not abuse its discretion in denying Sutton's motion to sever and motion for new trial on this basis.

*Judgment affirmed. Phipps, P. J., and Dillard, J., concur.*

8