## A05A1687. LEWIS v. THE STATE.
### (628 SE2d 239)

BARNES, Judge.

Following a jury trial and the denial of his motion for new trial, Matthew Lewis appeals his conviction for aggravated child molesta-tion, statutory rape, and pimping. He argues that the trial court erred in denying his motion for directed verdict as to the statutory rape conviction, and that the evidence was insufficient. Upon review, we affirm.

Viewed in the light most favorable to the jury's verdict, the evidence shows that on August 27, 2001, a Fulton County police officer observed 15-year-old D. B. on Metropolitan Parkway talking with the driver of a Cadillac. The officer approached D. B., who gave several false birth dates before telling the officer that she was a runaway from a group home. The officer called his supervisor and told him that he suspected that D. B. was prostituting, and the supervisor went to the scene to talk with the girl. D. B. told him that she had been put on the street to prostitute but that she had not had a customer yet. She said she ran away from a group home in Macon, and met up with Lewis, who she knew growing up, and that she and Lewis began living together. She said that she and Lewis lived in various hotels and at his mother's home, and that they had a sexual relationship. She further said that Lewis told her to charge the men $40 for sex and to give the money to him. D. B. also said that Lewis had hit her on more than one occasion when she did not want to have sex, and when she told him she wanted to go home.

During a subsequent forensic interview, D. B. said that Lewis bought her "nasty clothes" to wear during the time he asked her to prostitute. She said that they rode the bus to Metropolitan Parkway,

---

Lewis stood off to the side while she asked men if "they wanted a date," and that on the first night she had sex with seven men. D. B. told the interviewer that she gave all of the money to Lewis and he gave her $25. She said that Lewis wanted her to go out a lot, but she sometimes refused, which would cause a fight, and that Lewis had kicked her, busted her lip, and hit her in the eye once. D. B. also told an investigator with the crimes against women and children unit that she had sex with Lewis, Lewis later asked her to "whore for him," bought her provocative clothing, and took her to Metropolitan Parkway every weekend in July and August 2001 for the purpose of prostitution. The State also played for the jury a videotaped forensic interview by a clinical psychologist, in which D. B. said that Lewis told her "how to go about prostituting" and how much to charge, then drove her to the site where she engaged in prostitution.

At trial D. B. recanted all of her previous statements. She testified that she was threatened by the officers and forced by the district attorney's office to make the statements, and that the charges were created to get Lewis in trouble. Lewis admitted on the stand that he told the investigator that he had had consensual sex with D. B.

1. Lewis first argues that the trial court erred in denying his motion for a directed verdict of the statutory rape charge. He contends that the statutory rape charge cannot stand on solely the unsupported testimony of the victim.

Pursuant to OCGA § 16-6-3 (a), a conviction for statutory rape requires corroboration. *Eley v. State*, 266 Ga. App. 45, 48 (3) (596 SE2d 660) (2004). However,

> the quantum of corroboration needed is not that which is in itself sufficient to convict the accused, but only that amount of independent evidence which tends to prove that the incident occurred as alleged. Slight circumstances may be sufficient corroboration and ultimately the question of corroboration is one for the jury.

(Citation and punctuation omitted.) *Collins v. State*, 229 Ga. App. 658, 660 (1) (b) (495 SE2d 59) (1997). D. B.'s "recantation does not render the evidence against [Lewis] insufficient. Her prior inconsistent statements concerning the sexual activity in which she and [Lewis] were engaged were substantive evidence of [his] guilt." (Citations omitted.) *Brady v. State*, 233 Ga. App. 287, 288 (1) (503 SE2d 906) (1998). D. B.'s prior statements, corroborated by statements made to others, as well as Lewis's own testimony that he had a sexual relationship with D. B. satisfied the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Lewis argues that the evidence was insufficient to support his convictions. He contends that D. B. recanted the statements she made about their relationship, and that there were no other witnesses to the facts underlying the criminal charges against him.

> The prior inconsistent statements of [D. B.] were admissible as substantive evidence of the guilt of [the] appellant. A prior inconsistent statement of a witness who takes the stand and is subject to cross-examination is admissible as substantive evidence, and is not limited in value to impeachment purposes. The jury was thus authorized to believe [D. B.'s] prior inculpatory statements rather than her present exculpatory testimony. If, from all that the jury see of the witness, they conclude that what she says now is not the truth, but what she said before, they are none the less deciding from what they see and hear of that person and in court. There is no mythical necessity that the case must be decided only in accordance with the truth of words uttered under oath in court.

(Citations and punctuation omitted.) *Brown v. State*, 175 Ga. App. 246, 247 (1) (333 SE2d 124) (1985). Moreover, the police recovered women's clothing from Lewis's hotel room, and information downloaded from an Internet site, detailing the pimp lifestyle. Accordingly, we find that this evidence authorized a rational trier of fact to find Lewis guilty under the standard of *Jackson v. Virginia*, supra.

   *Judgment affirmed. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED MARCH 10, 2006.

*Carl P. Greenberg*, for appellant.
*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney*, for appellee.