## A10A0399. HERNANDEZ v. THE STATE.

(696 SE2d 155)

DOYLE, Judge.

After a jury trial, Danilo Hernandez was convicted of two counts of child molestation.[1] Hernandez appeals, challenging the sufficiency of the evidence, arguing that the jury was improperly instructed on the element of intent, and arguing that the court improperly admitted character evidence. For the following reasons, we affirm.

1. Hernandez argues that the evidence was insufficient to support the verdict. We disagree.

> When evaluating the sufficiency of evidence, the proper standard for review is whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. We review the evidence in the light most favorable to the verdict, giving deference to the jury's determination on the proper weight and credibility to be given the evidence.[2]

Viewed in this light, the evidence presented at trial establishes that one night in February 2007, Hernandez was drinking heavily and entered the bedroom of his nine-year-old daughter, K. H. Hernandez removed K. H.'s underwear and touched her "privates" with his hand. K. H. also felt Hernandez's "privates" on her "privates."[3] K. H. testified that something like "pee" came out of Hernandez's "private," and Hernandez told her not to tell anyone what happened. K. H. told her mother about the abuse the next morning. K. H.'s mother, Luz, did not immediately report the abuse

---

[1] OCGA § 16-6-4 (a) (1). Hernandez also was charged with rape, but the jury acquitted him of that offense.

[2] (Punctuation and footnote omitted.) *Burden v. State*, 296 Ga. App. 441, 442 (1) (674 SE2d 668) (2009). See also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] During K. H.'s forensic interview, which was video recorded and played for the jury, she responded to the officer that she used the word "private" for the male and female sex organs.

because she was afraid that Hernandez would harm her, but in May 2007, Hernandez was hospitalized for suicidal thoughts, and Luz reported the incident to the family pastor; thereafter, officials were notified of the allegation.

Child molestation occurs when the defendant "[d]oes any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person,"[4] as indicted in this case, "by placing his penis on the vagina of" K. H. and "by placing his hand on the vagina of" K. H. The facts as shown above support the jury's guilty verdict on the two child molestation charges.[5] Nevertheless, Hernandez contends that the evidence was insufficient, challenging the veracity of K. H.'s and Luz's testimonies and pointing to inconsistencies between K. H.'s testimony and her statements made to Luz and other witnesses during the investigation of the incident; however, "resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court."[6] The jury determined that K. H.'s testimony was credible,[7] "and we will not disturb the jury's findings on appeal."[8]

2. Hernandez argues that the trial court erred by instructing the jury on intent in a way that impermissibly relieved the State of its burden of proving that element of the crimes. Relying on *Francis v. Franklin*,[9] Hernandez contends that the following charge was erroneous:

> Now every person is presumed to be of sound mind and discretion. This presumption may be rebutted. The acts of a person of sound mind and discretion are the product of the person's will. A person of sound mind and discretion intends the natural and probable consequences of those acts. Now,

---

[4] OCGA § 16-6-4 (a) (1).

[5] See *Bright v. State*, 301 Ga. App. 204, 205-206 (1) (687 SE2d 208) (2009) (testimony of victim that defendant touched her "privates" with his fingers and with his "privates" was sufficient to support the conviction).

[6] (Punctuation omitted.) *Lucas v. State*, 295 Ga. App. 831, 832 (1) (673 SE2d 309) (2009). See also *Foster v. State*, 286 Ga. App. 250, 252 (1) (649 SE2d 322) (2007) (upholding child molestation conviction over arguments of insufficiency of evidence based on inconsistencies between victim's in-court testimony and out-of-court statements and between victim's testimony and victim's mother's testimony).

[7] See *Pareja v. State*, 295 Ga. App. 871, 872 (673 SE2d 343) (2009) ("The testimony of a single witness is generally sufficient to establish a fact."), aff'd *Pareja v. State*, 286 Ga. 117 (686 SE2d 232) (2009).

[8] *McGhee v. State*, 263 Ga. App. 762, 763 (1) (589 SE2d 333) (2003).

[9] 471 U. S. 307 (105 SC 1965, 85 LE2d 344) (1985).

> whether you make any such inference or inferences is solely within the discretion of the jury.[10]

Hernandez's argument has been addressed and rejected by the Supreme Court of Georgia.[11] His enumeration is, therefore, without merit.

3. Finally, Hernandez argues that the trial court erred by denying his motion in limine to exclude as impermissible character evidence testimony concerning his alcohol use and Luz's allegations of domestic violence.

> Generally, the general character of the parties and especially their conduct in other transactions are irrelevant matter unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct. OCGA § 24-2-2. Whether to admit evidence is a matter resting in the trial court's sound discretion, and evidence that is relevant and material to an issue in the case is not rendered inadmissible because it incidentally places the defendant's character in issue.[12]

To the extent that Hernandez is challenging the admission of Luz's testimony concerning his constant use of alcohol around the time of the incident, this Court has held previously that testimony "that one has . . . drunk alcohol does not place one's character in issue."[13] As for the testimonies of K. H. and of Luz that Hernandez had been drinking on the night of the incident, the testimony concerns the res gestae of the incident, which "the State is entitled to present[,] . . . even if the defendant's character is incidentally placed in issue."[14] Finally, admission of Luz's testimony describing incidents of violence by Hernandez toward her was not erroneous because the testimony explained the three-month delay in reporting the incident involving K. H.[15] Hernandez's defense consisted of discrediting Luz and K. H. and drawing the inference that Luz had coached K. H. and concocted the incident because Luz wanted a divorce; therefore, the probative value of her testimony concerning

---

[10] See Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (2006), § 1.41.12.

[11] See *Parker v. State*, 256 Ga. 363, 365 (1) (349 SE2d 379) (1986) (holding that the charge creates a permissive, not mandatory, inference, and that the presumption of sanity is not burden shifting because insanity is an affirmative defense); *Flynn v. State*, 255 Ga. 415, 416 (2) (b) (339 SE2d 259) (1986) (addressing the argument in light of *Francis v. Franklin*).

[12] (Punctuation omitted.) *Potts v. State*, 296 Ga. App. 242, 246 (4) (674 SE2d 109) (2009).

[13] (Punctuation omitted.) *Carrie v. State*, 298 Ga. App. 55, 57 (1) (c) (679 SE2d 30) (2009).

[14] (Punctuation omitted.) Id. at 57-58 (1) (c).

[15] See *Pruitt v. State*, 274 Ga. 708, 710 (2) (a) (559 SE2d 470) (2002).

fear of physical retribution from Hernandez in the event that she disclosed K. H.'s outcry outweighed the prejudicial effect of placing his character in evidence.

Accordingly, this enumeration is without merit.[16]

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JUNE 15, 2010 — 

*Teresa L. Smith, Jimmonique R. S. Rodgers*, for appellant.

*W. Kendall Wynne, Jr., District Attorney, David E. Boyle, Assistant District Attorney*, for appellee.

---

[16] To the extent that Hernandez argues that the prosecutor's statements during closing were harmful, that the trial court's charge to "consider all the evidence" was erroneous, or that his trial counsel was ineffective for failing to ask for a limiting instruction regarding the testimony, he has not enumerated those grounds as error, and this Court will therefore not address them on appeal. See *Dole v. State*, 256 Ga. App. 146, 148 (2) (567 SE2d 756) (2002) ("This court has no jurisdiction to consider grounds which though argued are not enumerated as error. . . .") (punctuation omitted).