### A11A1334. STEPHO v. THE STATE.
(718 SE2d 852)

MILLER, Presiding Judge.

Following a jury trial, Nashwan Stepho was convicted of two counts of child molestation (OCGA § 16-6-4 (a)) and two counts of

---

aggravated child molestation (OCGA § 16-6-4 (c)). Stepho filed a motion for a new trial, which the trial court denied. Stepho appeals, contending that the evidence was insufficient to sustain his conviction. He further contends that the trial court erred in admitting his prior conviction for sexual battery as similar transaction evidence at trial and in denying his motion to sever offenses. For the reasons that follow, we discern no error and affirm.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict and the defendant no longer enjoys a presumption of innocence. We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

(Citation omitted.) *Mullis v. State*, 292 Ga. App. 218 (664 SE2d 271) (2008).

So viewed, the trial evidence shows that on an occasion during the summer of 2006, the 12-year-old female victim, A. P., accompanied by her friend, B. C., visited the 13-year-old male victim, R. S., at his grandmother's residence. Following the visit, Stepho, who was R. S.'s paternal uncle, agreed to drive the girls home. A. P. sat next to Stepho in the front passenger seat of the vehicle, while B. C. sat in the back seat. As he was driving, Stepho reached out to A. P., put his hand down her shirt, and touched A. P.'s breast. B. C. observed Stepho's molestation act. A. P. pushed Stepho's hand away and said, "Please stop."

Following the incident, A. P. and B. C. convinced Stepho to stop at a nearby store. Upon entering the store, A. P. went into the restroom, used a cell phone to call R. S., and informed R. S. of the molestation incident. A. P. then left the restroom, took the cell phone to Stepho, and allowed R. S. to speak to Stepho regarding the incident. After being reprimanded by R. S., Stepho apologized to A. P. Upon re-entering Stepho's vehicle, A. P. sat with B. C. in the back seat. R. S. stayed on the phone with A. P. until she arrived at her residence and the girls exited Stepho's vehicle.

Later that evening, A. P. told her best friend about the molestation incident. Eventually, A. P. also disclosed the molestation to her cousin. In turn, A. P.'s aunt was informed of A. P.'s disclosure, and the matter was reported to law enforcement authorities.

While investigating the incident involving A. P., the detective spoke to R. S. After R. S. spoke with the detective regarding A. P.'s

molestation incident, R. S. disclosed to his school counselor that he also had been sexually molested by Stepho. R. S. reported that Stepho had been molesting him since he was nine years old. R. S. described that on one occasion, Stepho laid on top of R. S. and placed his penis on R. S.'s anus. R. S. also described an incident in which Stepho forced R. S. to rub his penis. R. S. stated that on other occasions, Stepho placed his penis inside R. S.'s mouth.

Both A. P. and R. S. were interviewed by an expert child forensic interviewer. During their respective forensic interviews, A. P. and R. S. disclosed details regarding the molestation incidents perpetrated upon them by Stepho. The forensic interviews were recorded on videos, which were admitted into evidence and played for the jury at trial.

The State also presented evidence of a similar incident that occurred in May 2006, in which Stepho committed a sexual battery of a female victim by touching her breast.[1] Stepho was charged and entered a guilty plea to the sexual battery offense.

Following the presentation of the evidence, the jury found Stepho guilty of each child molestation and aggravated child molestation offense, as charged.

1. The evidence set forth above was sufficient to sustain Stepho's conviction. See OCGA § 16-6-4 (a), (c) (defining child molestation and aggravated child molestation). Although Stepho argues that there was no evidence corroborating R. S.'s molestation claim, his argument is unavailing. The uncorroborated testimony of a child victim is sufficient to support a conviction for child molestation and aggravated child molestation. See *Daniel v. State*, 296 Ga. App. 513, 515-516 (1) (675 SE2d 472) (2009); *Sewell v. State*, 244 Ga. App. 449, 451 (1) (c) (536 SE2d 173) (2000). Although R. S. recanted his prior statements concerning Stepho's acts of sodomy, his recantation did not preclude a conviction on the aggravated child molestation offenses. See *Lewis v. State*, 278 Ga. App. 160, 161-162 (1)-(2) (628 SE2d 239) (2006) (ruling that the victim's recantation did not render the evidence against the defendant insufficient since the victim's prior inconsistent statements describing the sexual activity were substantive evidence establishing the defendant's guilt). R. S.'s prior inconsistent statements concerning Stepho's acts of sodomy were allowed to serve as substantive evidence of Stepho's guilt. Id.

Stepho's challenges to the credibility of the victims' molestation reports likewise afford no basis for reversal. "[R]esolving evidentiary

---

[1] Prior to admitting the similar transaction evidence, the trial court gave a jury instruction explaining that the evidence was to be considered for the limited purpose of showing, if it did, Stepho's bent of mind or intent in the instant charges.

conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court." (Punctuation and footnote omitted.) *Hernandez v. State*, 304 Ga. App. 435, 436 (1) (696 SE2d 155) (2010). We will not disturb the jury's credibility findings on appeal. Id.

In addition, Stepho's contention that the verdict was against the weight of the evidence affords no basis for reversal.

> [A]lthough the trial court was empowered with the authority to grant a new trial after weighing the evidence in accordance with OCGA § 5-5-21,[2] the trial court's refusal to grant the requested relief affords no basis for reversal. The motion is addressed to the discretion of the court, which should be exercised with caution, and the power to grant a new trial on this ground should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict. A trial judge's denial of a motion for new trial on evidentiary grounds will be reversed on appeal only if there is no evidence to support the verdict.

(Citations, punctuation and footnote omitted.) *Souder v. State*, 301 Ga. App. 348, 352 (3) (687 SE2d 594) (2009). As stated above, the evidence established Stepho's commission of the crimes and supports the verdict. The trial court's decision denying Stepho's claim therefore will not be disturbed. Id.

2. Stepho further contends that the trial court erred in admitting the similar transaction evidence of his prior sexual battery conviction. We disagree.

> Generally, evidence of prior crimes committed by a defendant is inadmissible, but exceptions to this rule have developed allowing the admission of such evidence for limited purposes, such as to show identity, plan, scheme, bent of mind, or course of conduct. The exception to the general rule has been most liberally extended in the area of sexual offenses: In crimes involving sexual offenses, evidence of similar previous transactions is admissible to show

---

[2] OCGA § 5-5-21 authorizes a trial judge to "exercise a sound discretion in granting or refusing new trials in cases where the verdict may be decidedly and strongly against the weight of the evidence even though there may appear to be some slight evidence in favor of the finding." Similarly, OCGA § 5-5-20 authorizes a trial judge to grant a new trial "[i]n any case when the verdict of a jury is found contrary to evidence and the principles of justice and equity[.]" It is well established that "[n]o court except the trial court is vested by OCGA §§ 5-5-20 and 5-5-21 with the authority to grant a new trial in a matter relating to the weight of the evidence." (Punctuation and footnote omitted.) *Clark v. State*, 249 Ga. App. 97 (547 SE2d 734) (2001).

the lustful disposition of the defendant and to corroborate the victim's testimony. There need only be evidence that the defendant was the perpetrator of both crimes and sufficient similarity or connection between the independent crime and the offenses charged.

In order to establish the admissibility of similar transaction evidence, the state is required to make the three affirmative showings outlined in *Williams v. State*, [261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991)]. First, the state must identify a proper purpose for admitting the transaction; second, the state must show that the accused committed the separate offense; and third, the state must show a sufficient similarity between the independent offense and the crime charged so that proof of the former tends to prove the latter.

(Punctuation and footnotes omitted.) *Copeland v. State*, 276 Ga. App. 834, 836-837 (1) (625 SE2d 100) (2005).

Here, the trial court conducted a hearing pursuant to *Williams*, supra, and determined that Stepho's 2007 sexual battery conviction was admissible as similar transaction evidence. At the hearing, the State indicated that its purpose for introducing the 2007 sexual battery conviction was to show Stepho's course of conduct, bent of mind, and lustful disposition. These limited purposes are appropriate for the introduction of the evidence. See *Copeland*, supra, 276 Ga. App. at 837 (1). The State's evidence showed that Stepho had pled guilty to the sexual battery, establishing that Stepho had committed the separate offense. The evidence also showed that both the prior sexual battery and the molestation of A. P. involved Stepho's acts of touching the female victims' breasts, and that both incidents occurred within a three-month time frame during the summer of 2006. Based upon this evidence, the trial court was authorized to find that the prior sexual battery and the molestation of A. P. were similar. The fact that Stepho's sexual battery was against an adult woman, and the instant molestation was against a child, did not make the similar transaction inadmissible. See *Kingsley v. State*, 268 Ga. App. 729, 730 (1) (603 SE2d 78) (2004) ("'[T]he difference in the victims' ages does not make the similar transaction inadmissible.") (citations and punctuation omitted).

Stepho nevertheless argues that the similar transaction evidence was inadmissible since two years had elapsed between his sexual battery conviction and his indictment in the instant case. His argument is without merit. "Where, as here, the similar transaction evidence is otherwise admissible, a time lapse such as this goes to the weight and credibility of the evidence and does not demand its exclusion." (Citation omitted.) *Collins v. State*, 310 Ga. App. 613, 617

(2) (714 SE2d 249) (2011); *Copeland*, supra, 276 Ga. App. at 837 (1). The trial court did not abuse its discretion in admitting the similar transaction evidence in this case.

3. Stepho also argues that the trial court erred in denying his motion to sever the offenses involving A. P. from the offenses involving R. S. Again, we conclude that no error has been shown.

> When two or more crimes of the same general nature are committed against different persons, at different times and places, and are charged in separate counts of an indictment, severance is mandatory upon the defendant's motion if the crimes are joined *solely* because they are of the same or similar character. *Dingler v. State*, 233 Ga. 462 (211 SE2d 752) (1975). If the offenses are not joined solely because they are of the same or similar character, and evidence of one charged offense would be admissible as a similar transaction during trial on another charged offense, the trial court is vested with discretion in deciding whether to grant a motion to sever. *Stewart v. State*, 277 Ga. 138, 140 (587 SE2d 602) (2003). In making this decision, the court must consider the number of offenses charged, the complexity of the charges, and the complexity of the evidence and determine whether the jury will be able to fairly and intelligently parse the evidence and apply the law with regard to each charge.

(Punctuation omitted.) *Machiavello v. State*, 308 Ga. App. 772, 773 (2) (709 SE2d 28) (2011).

In this case, although the charged offenses involved different victims and occurred on different dates, they showed Stepho's common motive, lustful disposition, and bent of mind to satisfy his sexual desires. Notably, Stepho gained access to his second victim, A. P., through his familial relationship with his first victim, R. S. Furthermore, the molestation of R. S. came to light during the investigation of the molestation of A. P. The trial court was authorized to find that the circumstances related to Stepho's molestation of either child victim would have been admissible as similar transaction evidence in his trial involving the molestation of the other. See *Collins*, supra, 310 Ga. App. at 617 (2) ("The mere difference in the victims' ages, sex, and specific acts of molestation did not render the similar transaction inadmissible."). "Where the evidence of one crime would be admissible in the trial of the other crime, it cannot be said that the trial court abused its discretion in denying appellant's motion for severance." (Citation and punctuation omitted.) *Boatright v. State*, 308 Ga. App. 266, 274 (2) (707 SE2d 158) (2011).

Moreover, this case was not so complex as to impair the jury's ability to distinguish the evidence and apply the law intelligently as to each offense. Consequently, we conclude that the trial court did not abuse its discretion in denying [Stepho's] motion to sever and motion for new trial on this basis.

(Citations and punctuation omitted.) *Boatright*, supra, 308 Ga. App. at 274 (2).

*Judgment affirmed. Ellington, C. J., and Doyle, J., concur.*

DECIDED NOVEMBER 10, 2011.

*Louis M. Turchiarelli*, for appellant.

*Garry T. Moss, District Attorney, Wallace W. Rogers, Jr., Cliff Head, Assistant District Attorneys*, for appellee.