**THIRD DIVISION**
**MIKELL, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/**

**August 22, 2012**

# In the Court of Appeals of Georgia

A12A1497. MALONEY v. THE STATE.

MILLER, Judge.

Following a jury trial, William J. Maloney was convicted of aggravated child molestation (OCGA § 16-6-4 (c)). Maloney filed a motion for new trial, which the trial court denied. Maloney appeals, contending that the evidence was insufficient to sustain his conviction. For the reasons that follow, we affirm.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict and the defendant no longer enjoys a presumption of innocence. We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 [99 SC 2781, 61 LE2d 560] (1979).

(Citation omitted.) *Stepho v. State*, 312 Ga. App. 495, 496 (718 SE2d 852) (2011).

So viewed, the trial evidence shows that in October 2008, Maloney and the victim, his 11-year old daughter, were watching a movie alone together at their residence. At some point, Maloney began tickling the victim's belly with his beard. As Maloney continued to tickle the victim, he removed the victim's underwear and licked her vagina. The victim started screaming at her father to stop, but he refused.

The sexual abuse was reported to authorities, who referred the victim to a child forensic interviewer. During her interview, the victim denied that Maloney abused her. A short time later, however, the victim contacted the police and stated that she had lied to the forensic interviewer when she denied that Maloney sexually abused her. During that police interview, the victim described the above incident. Maloney was subsequently arrested and charged with aggravated child molestation.

At trial, the victim testified about the sexual molestation that occurred in October 2008.[1] Following the presentation of evidence, the jury found Maloney guilty of aggravated child molestation.

---

[1] The State also presented similar transaction evidence showing that Maloney began sexually abusing his niece when she was six years old, and that the abuse continued for many years.

In his sole enumeration of error, Maloney contends that the evidence was insufficient to sustain his conviction because it rested primarily on the victim's testimony, which was not credible, consistent, or corroborated. We discern no error.

"A person commits the offense of aggravated child molestation when such person commits an offense of child molestation which . . . involves an act of sodomy." OCGA § 16-6-4 (c). "A person commits the offense of sodomy when he or she performs or submits to any sexual act involving the sex organs of one person and the mouth or anus of another." OCGA § 16-6-2 (a) (1). The indictment in this case charged Maloney with aggravated child molestation based on allegations that he had committed acts of sodomy by placing his mouth on the victim's vagina.

Here, the victim testified that Maloney pulled down her panties and licked her vagina. The victim's testimony alone authorized Maloney's conviction. See OCGA § 24-4-8 ("The testimony of a single witness is generally sufficient to establish a fact."). Additionally, "[t]he uncorroborated testimony of a child victim is sufficient to support a conviction for . . . aggravated child molestation." (Citations omitted.) *Stepho*, supra, 312 Ga. App. at 497 (1). To the extent Maloney challenges the credibility of the witnesses or any inconsistencies or conflicts in the evidence, "[a] jury is authorized to believe or disbelieve all or any part of the testimony of

3

witnesses, and it serves as the arbiter of conflicts in the evidence before it." (Citation and punctuation omitted.) *Bray v. State*, 294 Ga. App. 562, 563 (1) (669 SE2d 509) (2008). Viewing the evidence in the light most favorable to the jury's verdict, we conclude that it was sufficient for a rational factfinder to find Maloney guilty beyond a reasonable doubt of aggravated child molestation.

*Judgment affirmed. Mikell, P. J., and Ray, J., concur.*