**THIRD DIVISION**
**MILLER, J.,**
**RAY and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**January 30, 2013**

# In the Court of Appeals of Georgia

A12A2432. HOWARD v. THE STATE.

MILLER, Judge.

Following a jury trial, Freddie Joe Howard was convicted of child molestation (OCGA § 16-6-4 (a) (1)).[1] Howard filed a motion for new trial, which the trial court denied. Howard appeals, contending that the evidence was insufficient to sustain his conviction. For the reasons that follow, we affirm.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict and the defendant no longer enjoys a presumption of innocence. We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 [99 SC 2781, 61 LE2d 560] (1979).

---

[1] Howard was also charged with aggravated sexual battery (OCGA § 16-6-22.2 (b)), but the jury found him not guilty on that count.

(Citation omitted.) *Stepho v. State*, 312 Ga. App. 495, 496 (718 SE2d 852) (2011).

So viewed, the trial evidence shows that in July 2009, the 11-year old victim was visiting Howard, her grandfather, at his residence. At some point, the victim went upstairs to play a computer game with Howard. The victim sat on Howard's lap, and as she played the game, Howard started rubbing her leg with his hand. Howard then moved his hand under the victim's shorts and touched her genital area. When the victim told Howard that she had to go to the bathroom, he moved his hand from underneath the victim's underwear. Before Howard allowed the victim to leave the room, he threatened to hurt the victim if she did not keep the incident a secret.

The victim subsequently told her mother that her grandfather had touched her vagina. The mother reported the sexual abuse to law enforcement authorities. Howard was subsequently arrested and convicted of child molestation.

In his sole enumeration of error, Howard contends that the evidence was insufficient to sustain his conviction for child molestation because the medical evidence was inconclusive and the victim's testimony was not credible. We discern no error.

2

"A person commits the offense of child molestation when such person . . . [d]oes any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person[.]" OCGA § 16-6-4 (a) (1). The indictment in this case charged Howard with child molestation against the victim by "placing his hand against the genital area of [the victim]" with the intent to arouse his sexual desires.

Here, the victim testified that Howard rubbed his hand on the victim's leg, put his hand under her shorts and underwear, and touched her genital area. Contrary to Howard's claims, the uncorroborated testimony of a child victim is sufficient to support a conviction for child molestation. See *Downer v. State*, 310 Ga. App. 136, 137 (1) (712 SE2d 571) (2011); *Stepho*, supra, 312 Ga. App. at 497 (1). "The testimony of a single witness is generally sufficient to establish a fact." OCGA § 24-4-8. While Howard challenges the credibility of the victim and cites to inconsistencies and conflicts in the evidence, "[a] jury is authorized to believe or disbelieve all or any part of the testimony of witnesses, and it serves as the arbiter of conflicts in the evidence before it." (Citation and punctuation omitted.) *Bray v. State*, 294 Ga. App. 562, 563 (1) (669 SE2d 509) (2008). The jury was aware of any inconsistencies or conflicts in the evidence and chose to credit the victim's versions

3

of the events. Accordingly, we conclude that the evidence was sufficient to authorize the jury's finding that Howard was guilty of the offense of child molestation.

*Judgment affirmed. Ray and Branch, JJ., concur*.