**THIRD DIVISION
MILLER, P. J.,
MCFADDEN, P. J., and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**March 8, 2017**

# In the Court of Appeals of Georgia

A16A2014. JONES v. THE STATE.

McFADDEN, Presiding Judge.

Following a jury trial in December 2012, Schleiermacher Jones was convicted of the 2003 rape and child molestation of A. M., who was then 10 years old.[1] The trial court denied his motion for new trial. On appeal, Jones challenges the sufficiency of the evidence and the trial court's denial of his motion for new trial on evidentiary grounds, but the evidence authorized the jury's verdict. Jones argues that the trial court erred in allowing hearsay testimony from four outcry witnesses, but he did not preserve his objection to the testimony of two of the witnesses, and the trial court was authorized to admit the testimony of the other two witnesses as evidence of A. M.'s

---

[1] The jury acquitted Jones of several other charges: that he raped A. M. again when she was 14 years old and that he committed the crimes of rape, statutory rape, and aggravated child molestation against A. M.'s sister, K. R.

prior consistent statements. Jones argues that the trial court erred in sustaining the state's objections to other testimony, but the rape shield statute in effect at the time authorized the rulings. Finally, Jones argues that the trial court erred in denying one of his requested jury charges, but he has not shown plain error in the denial of his request to give the charge. For these reasons, we affirm.

1. *Sufficiency of the evidence and denial of motion for new trial.*

Jones argues that the evidence was insufficient to authorize his convictions and that the trial court erred in denying his motion for new trial because the verdict was against the weight of and contrary to the evidence and the law and it was contrary to principles of justice, fairness, and equity. When a defendant challenges the sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 309 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979) (citation omitted; emphasis in original). We review a lower court's refusal to grant a new trial under the same standard. *Batten v. State*, 295 Ga. 442, 444 (1) (761 SE2d 70) (2014). In applying this standard, we do not resolve conflicts in the testimony, weigh the evidence, or draw inferences from the evidence, as those are functions of the jury. See

*Jackson*, supra. "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the [s]tate's case, the jury's verdict will be upheld." *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001) (citations and punctuation omitted).

Viewed in this light, the evidence showed that in August 2003, Jones lived in a home with various relatives, including his 10-year-old cousin, A. M. One night, A. M. awoke to find Jones rubbing her vagina with his hand. A few nights later, A. M. awoke to find Jones holding her at her waist and penetrating her vagina with his penis. This occurred against A. M.'s will and she was scared. The next day, after seeing blood in her underwear, A. M. told several relatives that Jones had touched her inappropriately, but she did not reveal that he had penetrated her. A. M.'s relatives made Jones move out of the home, but they did not notify the police or seek medical attention for A. M. at that time. Several years later, in 2007, A. M. wrote in her personal journal that, when she was in the fifth grade, Jones had had sexual intercourse with her while she was in bed asleep; she wrote that this event had ruined her life and that she could not forgive Jones for it. And in 2009, A. M. told a cousin that, when she was ten years old, Jones had "mess[ed] with her" and that, when she was asleep in bed, he had "forced his forearm in her back and penetrated her."

3

After A. M.'s 2009 outcry, some of her relatives confronted Jones and his mother with A. M.'s allegations and journal entry. Jones became extremely upset, and his mother called 911 because she was worried that Jones would harm himself. When the police arrived they found Jones crying and apologizing.

This evidence authorized the jury to find that Jones committed the offense of rape, which occurs when a person "has carnal knowledge of . . . [a] female forcibly and against her will[.]" OCGA § 16-6-1 (a) (1). See *Haynes v. State*, 326 Ga. App. 336, 338-339 (1) (756 SE2d 599) (2014) (evidence that defendant restrained child victim's hands and "forced" his penis inside her, hurting her and making her feel sick, supported conviction for rape); *Wynn v. State*, 322 Ga. App. 66, 68 (1) (744 SE2d 64) (2013) (evidence that defendant pushed victim's legs open as she pretended to be asleep, and that she remained motionless during sexual intercourse because she was scared to move, supported conviction for rape). See also *Wightman v. State*, 289 Ga. App. 225, 228 (1) (656 SE2d 563) (2008) ("only minimal evidence of force is required in order to prove rape of a child"). So the evidence in this case authorized the jury to find that Jones committed the offense of child molestation, which occurs when a person "[d]oes any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual

4

desires of either the child or the person[.]" OCGA § 16-6-4 (a) (1). See *Howard v. State*, 319 Ga. App. 621, 622-623 (737 SE2d 722) (2013) (victim's testimony that defendant rubbed his hand on her leg, put his hand under her shorts and underwear, and touched her genital area was sufficient to support his conviction for child molestation). Consequently, Jones has not shown that the evidence was insufficient to support his convictions or that the trial court erred in rejecting his arguments for a new trial.

2. *Outcry witness testimony.*

Jones argues that the trial court erred in allowing four outcry witnesses "to testify in a cumulative and bolstering fashion as to the [s]tate's alleged [v]ictim's hearsay statements." But as to two of these witnesses (A. M.'s mother and one of A. M.'s cousins ), Jones did not preserve this issue for appellate review, because he did not both object to and obtain a distinct ruling from the trial court on the admissibility of the witnesses' testimony. "Standard practice in Georgia has long required a party to make and obtain a ruling on an objection to evidence in the trial court, before or as the evidence is admitted, in order to preserve the objection for appeal, and standard practice also allows parties to raise on appeal only the same objections that were properly preserved below." *Jeffers v. State*, 290 Ga. 311, 314 (4) (a) (721 SE2d 86)

5

(2012) (citation omitted). Merely raising the issue in a motion for new trial does not preserve the claim for appellate review. See *Fitzgerald v. State*, 193 Ga. App. 76, 77 (5) (386 SE2d 914) (1989). Although Jones states in his appellate brief that he timely objected to these two witnesses' testimony, the record does not support this assertion. Consequently, Jones failed to preserve for appellate review his objections to the testimony of the two witnesses. See *Jeffers*, supra, 290 Ga. at 314 (4) (a).

Jones did object at trial to the testimony of the other two outcry witnesses (a church acquaintance and a friend of A. M.). The trial court denied the objection, ruling the testimony admissible as evidence of prior consistent statements by A. M.

At the time of Jones's trial in 2012, Georgia law "allowed certain prior consistent statements of a witness to be admitted as substantive evidence. . . . [A] witness's prior consistent statement is admissible only where (1) the veracity of a witness's trial testimony has been placed in issue at trial; (2) the witness is present at trial; and (3) the witness is available for cross-examination." *Cowart v. State*, 294 Ga. 333, 339 (4) (a) (751 SE2d 399) (2013) (citations and punctuation omitted).[2] As to the first of these requirements, we have explained:

---

[2] Georgia's new Evidence Code, which took effect in 2013, addresses prior consistent statements in OCGA § 24-6-613 (c).

A witness's veracity is placed into issue so as to permit the introduction of a prior consistent statement only if affirmative charges of recent fabrication, improper influence, or improper motive are raised during cross-examination. . . . [T]o be admissible to refute the allegation of recent fabrication, improper influence, or improper motive, the prior statement must predate the alleged fabrication, influence, or motive.

Id. at 339-340 (4) (a) (citations and punctuation omitted).

During her cross-examination of A. M., Jones's trial counsel challenged the veracity of A. M.'s trial testimony and questioned her about a meeting between her and the district attorney that had taken place shortly before trial, implying that the meeting might have shaped A. M.'s testimony. The trial court held that this line of questioning raised the issue of recent fabrication, thereby permitting the admission of evidence of A. M.'s earlier statements that were consistent with her testimony at trial. Jones makes no argument in his appellate brief for why it was improper for the trial court to admit the evidence under the prior consistent statement exception to the hearsay rule, and we find no abuse of discretion. See *Kidd v. State*, 292 Ga. 259, 260-261 (2) (736 SE2d 377) (2013).

3. *Sustained objections to testimony.*

Jones argues that the trial court erred in sustaining the state's objections to three cross-examination questions posed by his trial counsel. But as detailed below, Georgia's rape shield statute barred the evidence that Jones's trial counsel sought to elicit with these questions — evidence relating to the past sexual behavior of A. M.'s sister, K. R.

The trial court sustained objections to the following questions: (1) "But around this time [K. R. was] having sex with boys?" (2) "You had heard rumors about [K. R.] having sex with the boys, hadn't you?" (3) "Did [A. M.] ever tell you about a situation with her and her sister at school that she was starting to get into trouble for?" With these questions, Jones's trial counsel sought to show that A. M. and her sister, K. R., had been charging boys money to have sex with K. R.; Jones's counsel wished to use this evidence to argue that A. M. made a false outcry of rape against Jones as a way to deflect attention from these activities with K. R. and avoid getting in trouble.

In this case, the state prosecuted Jones for the rape of K. R., among other charges. The rape shield statute in effect in Georgia at the time of trial, former OCGA § 24-2-3, barred evidence that "relate[d] to the past sexual behavior of the complaining witness in a prosecution for rape [or other specified offenses] and [did]

8

not come within an exception in [former] OCGA § 24-2-3."[3] *Green v. State*, 291 Ga.

287, 290 (3) (728 SE2d 668) (2012) (citations omitted). Those exceptions permitted

the admission of such evidence only when

> the court, following [a statutorily-specified] procedure . . . , [found] that
> the past sexual behavior directly involved the participation of the
> accused and [found] that the evidence expected to be introduced
> support[ed] an inference that the accused could have reasonably
> believed that the complaining witness consented to the conduct
> complained of in the prosecution.

Former OCGA § 24-2-3 (b). See *Turner v. State*, 312 Ga. App. 315, 318 (1) (718

SE2d 545) (2011) (former OCGA § 24-2-3 (b) contains only exceptions to rape shield

statute's bar).

The former rape shield statute barred the evidence sought by Jones, because

that evidence related to the past sexual behavior of K. R. and did not fall within the

statutory exceptions — the past sexual behavior (K. R.'s having sex with boys for

money) did not involve the participation of Jones and did not support an inference

that Jones reasonably believed that K. R. consented to Jones's alleged sexual

---

[3] Georgia's new Evidence Code contains a rape shield statute at OCGA § 24-4-412.

activities with her. Jones cites *Olden v. Kentucky*, 488 U. S. 227 (190 SCt 480, 102 LE2d 513) (1988), and *Villafranco v. State*, 252 Ga. 188 (313 SE2d 469) (1984), in support of his arguments that the rape shield statute did not bar the evidence in this case and that, consequently, the trial court's exclusion of the evidence violated his constitutional rights. But the defendants in those cases, unlike Jones, argued that the victims had consented to sexual activity, and the challenged evidence pertained to the issue of consent. *Olden*, supra, 488 U. S. at 232; *Villafranco*, supra, 252 Ga. at 194 (1). In this case, the rape shield statute barred the evidence and the trial court did not abuse his discretion in sustaining the state's objections. See *Mooney v. State*, 266 Ga. App. 587, 592 (4) (597 SE2d 589) (2004).

4. *Jury charge.*

Jones argues that the trial court erred in refusing to give one of his requested jury charges. It appears from transcripts in the record that Jones filed a written request for the charge, but the appellate record does not contain a copy of the charge at issue (or any other charge requested by either the prosecution or the defense). Nevertheless, in their briefs the state and Jones agree that the requested charge read as follows:

10

Delay in reporting [alleged/a[4]] crime is one circumstance that you must consider in determining the credibility of the alleged victim. That delay may be explained, however, with the decision on credibility left to the jury.

The trial court declined to give the charge on the ground that it was not a pattern charge and it was "inappropriate for [him] to charge on specific evidence[.]"

Although Jones's trial counsel argued at the charge conference that the trial court should give the charge, she did not object to the jury charge that the trial court eventually gave. Our Supreme Court has explained the limits of our appellate review in this circumstance:

> Because an objection voiced at the charge conference does not preserve objections to the charge as subsequently given, the failure to object to the charge as given precludes appellate review unless such portion of the jury charge constitutes plain error which affects substantial rights of the parties. Despite the lack of objection below, the omission of the jury instruction . . . was raised on motion for new trial and enumerated as error and argued on appeal in this case. Consequently, we will review the failure to [give the requested charge], but we review only for plain error, meaning an error that is obvious, that likely affected the outcome

---

[4] Jones's brief uses the word "alleged" while the state's brief uses the word "a" in setting forth the requested charge.

of the proceedings, and that seriously affects the fairness, integrity or public reputation of judicial proceedings.

*Merritt v. State*, 292 Ga. 327, 330-331 (2) (737 SE2d 673) (2013) (citations and punctuation omitted).

Applying this standard, we find the trial court's failure to give the requested charge was not plain error. The trial court charged the jury on its duty to evaluate witness credibility, and he informed the jury that it could "consider all the facts and circumstances of the case" in making that evaluation. And the trial court did not prevent the defense from arguing to the jury that delay in reporting a crime was a circumstance that pertained to a victim's credibility. Under these circumstances, we cannot say that the trial court's refusal to give Jones's requested charge on one particular circumstance pertaining to credibility was an obvious error that likely affected the outcome of the trial and that seriously affected the fairness, integrity or public reputation of the judicial proceedings. See *Thomas v. State*, 297 Ga. 750, 754-755 (4) (778 SE2d 168) (2015) ("Failure to give a requested jury charge in the precise language requested does not warrant reversal where the charge given substantially covers the applicable principles of law.") (citation and punctuation omitted); *Damerow v. State*, 310 Ga. App. 530, 537 (4) (a) (i) (714 SE2d 82) (2011) (jury's

12

acquittal of defendant on two of three child molestation offenses "reflects that the jury was able to objectively consider the evidence of the charges, despite the improper bolstering" of the victim's credibility) (citations omitted).

*Judgment affirmed. Miller, P. J., and McMillian, J., concur*.